**P. STOLZ FAMILY PARTNERSHIP, L.P., on behalf of itself and others similarly situated, Plaintiffs,**

v.

**Steven B. DAUM, Paula B. Daum, and Smart World Technologies, LLC, Defendants.**

**No. 01 Civ. 1254(JSR).**

United States District Court, S.D. New York.

May 29, 2002.

Paul Wexler, Peter D. Morgenstern, Bragar, Wexler, Eagel & Morgenstern, L.L.P., New York City, for Plaintiffs.

Barry S. Pollack, Donnelly, Conroy & Gelhaar, LLP, Boston, MA, for Defendants.

### MEMORANDUM ORDER

RAKOFF, District Judge.

■ Plaintiffs' Second Amended Complaint alleges various violation of § 12(a)(1) of the Securities Act of 1933, 15 U.S.C. § 77*l*(a)(1), in connection with the offer and sale of the unregistered securities of Smart World Technologies, LLC ("Smart World"). Claims premised on such violations must be brought within three years of the offering of the unregistered security to the public. 15 U.S.C. § 77m. "The three-year period is an absolute limitation which applies whether or not the investor could have discovered the violation." *Jackson Nat'l Life Ins. v. Merrill Lynch & Co.*, 32 F.3d 697, 704 (2d Cir.1994). Moreover, the period runs from the date of the commencement of the public offering, not from the date of sale to a given plaintiff. *See Speigel v. Quality Bakers of America Cooperative, Inc.*, 1992 WL 349799 *5 (S.D.N.Y. Nov. 10, 1992).

■ The Second Amended Complaint expressly alleges that the public offering of Smart World securities here in issue commenced "in or about July, 1997." Second Amended Complaint at ¶ 16. The instant law suit, in the form of the initial Complaint, was filed on February 20, 2001, or considerably more than three years after the start of the public offering. Accordingly, defendants move to dismiss.

■ In response, plaintiffs note that, under the statute, the three-year period runs from when the security was "bona fide offered to the public," 15 U.S.C. § 77m, and thus argue that, because the offering here was (allegedly) illegal, the offering was never made in good faith and the limitations period never began to run. *See Bradford v. Moench*, 809 F.Supp. 1473, 1487 (D.Utah 1992). But this interpretation of "bona fide" would render the statute of limitations meaningless, since the offer of all unregistered securities is ostensibly illegal in plaintiffs' sense. A more reasonable construction is that "bona fide" simply means an offer that the issuer is prepared to honor. *See Zola v. Gordon*, 685 F.Supp. 354, 360 (S.D.N.Y.1988). Here, as the complaint itself effectively alleges, that condition was met. *See* Second Amended Complaint at ¶ 6.

While plaintiffs also cite *Finkel v. Stratton Corp.*, 962 F.2d 169, 173 (2d Cir.1992) as holding that a "bona fide" offer does not commence until the effective date of a registration statement—where here, by

definition, there was no such statement—*Finkel* applies to the very different context of an action under Section 11 of the Securities Act, 15 U.S.C. § 77k. *See, Finkel,* 962 F.2d at 173; *Griffin v. PaineWebber, Inc.,* 84 F.Supp.2d 508, 512 (S.D.N.Y.2000). If applied to § 12(a)(1) actions, it would necessarily render the statute of limitations a nullity in such cases, which cannot be what Congress intended since it expressly made the limitations period applicable to such actions. *See* 15 U.S.C. § 77m.

Accordingly, the Second Amended Complaint is dismissed with prejudice, in its entirety, as untimely. Clerk to enter judgment.

SO ORDERED.